UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR 1 9 2019

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES OF AMERICA,

v.     Criminal No. 3:19-CR- 19

CHRISTOPHER LEE YATES

Violations: 18 U.S.C. § 641
18 U.S.C. § 922(j)
18 U.S.C. § 924(a)(2)
26 U.S.C. § 5841
26 U.S.C. § 5861(d)
26 U.S.C. § 5871

Defendant.

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Sale of Stolen Firearm)

In or about February 2017, an exact date being unknown, in Berkeley County, in the Northern District of West Virginia, the defendant, **CHRISTOPHER LEE YATES**, knowingly sold a stolen firearm, that is, a Sig Sauer, Model P229, .40 caliber pistol, serial number AL23359, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

## COUNT TWO

(Possession of Stolen Firearm)

On or about the 28th day of February, 2019, in Berkeley County, in the Northern District of West Virginia, the defendant, **CHRISTOPHER LEE YATES**, knowingly possessed a stolen firearm, that is, an FN, Model P90, 5.7x28 caliber machine gun, serial number FN020125; and an FNH, Model Five-Seven, 5.7x28 caliber pistol, serial number 386214569; which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

## COUNT THREE

(Possession of Unregistered Firearm)

On or about the 28th day of February 2019, in Berkeley County, in the Northern District of West Virginia, the defendant **CHRISTOPHER LEE YATES,** knowingly possessed a firearm, FN Model P90, 5.7x28 caliber machine gun, serial number FN020125, a weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## **COUNT FOUR**

(Theft of Government Property)

On or about the 28th day of February 2019, in Berkeley County, in the Northern District of West Virginia, the defendant, **CHRISTOPHER LEE YATES**, willfully and knowingly did steal, purloin, and convert to his own use, firearms, firearms parts, and ammunition, of a value exceeding $1,000, of the goods and property of the United States, in violation of 18 U.S.C. § 641.

## FORFEITURE ALLEGATIONS

*Firearms*

Pursuant to Title 18, United States Code, Section 924(d)(1), the government will seek forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any firearms and ammunition involved in any violation of Title 18, United States Code, Section 922(j).

*Contraband*

Pursuant to Title 49, United States Code, Section 80303, and Title 26, United States Code, Section 2461(c), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of any firearm involved in a violation of chapter 53 of the Internal Revenue Code of 1968 (26 U.S.C. § 5801 et seq.), including a 2017 Toyota Tacoma, WV registration VV5147, Vehicle Identification Number (VIN) #3TMCZ5AN3HM079747.

*Theft of Public Money, Property, or Records*

1.  Pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C), and 1956(c)(7)(D), and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 641, or a conspiracy to violate such offense.

2.     Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Grand Jury Foreperson

/s/_____
WILLIAM J. POWELL
UNITED STATES ATTORNEY

Jeffrey A. Finucane
Assistant United States Attorney