

**FILED**

APR 2 4 2019

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

United States Department of Justice

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

April 8, 2019

Kevin Mills, Esquire
1800 W. King Street
Martinsburg, WV 25401

      In re:  US v. Christopher Yates

Dear Kevin:

      This will confirm conversations with you concerning your client, Christopher Yates, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1. Defendant will plead guilty to Count Two of the Indictment, Possession of Stolen Firearm, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2), and Count Four of the Indictment, Theft of Government Property, in violation in violation of 18 U.S.C. § 641.

      2.    The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: for each count, imprisonment for a period of ten (10) years, a fine of $250,000, and a term of three (3) years of supervised release.

      It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

      3.    Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant

| | |
|---|---|
| _[signature]_<br>Christopher Yates | 4-19-19<br>Date |
| _[signature]_<br>Kevin Mills, Esquire | 4-19-19<br>Date |

- 1 -

will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.     A.     Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

         B.     This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

         C.     In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5.     At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At sentencing the United States will move to dismiss the remaining counts of the Indictment against Defendant.

6.     Defendant understands and agrees that the United States reserves its option to seek any departure from the applicable sentencing guidelines pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, 18 U.S.C. § 3553(e) or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that Defendant has provided substantial assistance and that such assistance has been completed. Defendant agrees that the decision whether to file such a substantial assistance motion rests in the United States Attorney's sole discretion and that this plea agreement creates **no** promise or obligation on the part of the United States to file such a motion. Furthermore, if such a substantial assistance motion is not filed, Defendant would **not** have the right to withdraw his plea.

7.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these

_____      4-19-19
Christopher Yates                                   Date

_____      4-19-19
Kevin Mills, Esquire                                  Date

sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

    8.    The United States will make the following **nonbinding** recommendations:

        A.    If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

        B.    Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **April ~~15~~ 19th, 2019 at 5:00 p.m.** and returns an executed copy to the United States by that day;

        C.    The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

        D.    The United States will recommend that the sentence imposed upon counts Two and Four shall run concurrently.

    9.    If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

    10.    Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that:

CHRISTOPHER LEE YATES worked for approximately 16 years for Allied Security as a contract security guard at the National Firearms and Ammunition Destruction Branch (NFAD) previously located at 5550 Winchester Avenue, Area J-K, Martinsburg, WV and currently located at 244 Needy Road, Martinsburg, WV. As a security guard, YATES had access to virtually the entire NFAD facility, including the areas in which firearms are stored and destroyed.

_____         4-19-19
Christopher Yates                                      Date

_____         4-19-19
Kevin Mills, Esquire                               Date

In February 2019, the Philadelphia Police Department recovered a "Ghost Gun" also known as a Polymer 80% receiver during a traffic stop. The slide on the firearm was from a Glock .40 handgun and had a serial number that traced back to the NFAD as an item that was destroyed. An ensuing investigation revealed that YATES had been stealing from NFAD and trafficking in firearms, firearm parts, including Glock slides, and ammunition, from 2016 to 2019.

YATES admitted to stealing at least 3,000 Glock slides from NFAD. He admitted that he entered the facility before other employees arrived and searched for, and took without permission, firearm parts that were the property of the federal government for the purpose of selling them for his personal gain. YATES sold the Glock slides for approximately $30 each and the Glocks were resold at a market price of approximately $100 each. ATF recovered over 4,000 firearm parts including slides, scopes and magazines that trace back to NFAD during the time that YATES was employed there and admits to stealing items.

YATES sold and trafficked in stolen firearms, stolen firearm parts and stolen ammunition. In or about February 2017, YATES sold a SIG Sauer, Model P229, .40 caliber pistol, serial number AL23359 that he stole from NFAD to Anthony Miller, a contract maintenance worker at NFAD, for $300. The sale occurred at Yates' residence. The firearm was an ATF service weapon that had been submitted to NFAD for destruction. YATES also sold Miller a Springfield Armory, model Tactical 1911 A1 handgun which had been recovered in a criminal investigation in Pensacola, Florida, for approximately $450. Between 2016 and 2019, YATES sold ~~stolen~~ firearms, firearm parts and ammunition to Adam Schreiber, a resident of Bedford, PA. Schreiber stated that YATES sold him at least 15 rifles, at least 80 [many of which were stolen] handguns including 40 to 50 SIG Sauer pistols, which were ATF duty weapons, and 30 revolvers, some of which were Smith & Wesson Model 640s, another older ATF duty weapon, and 10 to 15 AR-style lower receivers. Four of the stolen firearms YATES sold to Schreiber were fully automatic machine guns. YATES also sold Schreiber bulk amounts of ammunition stolen from NFAD.

YATES stole 31 firearms from NFAD that were traced back to prior criminal investigations that had been sent to NFAD to be destroyed. Nine of the firearms that YATES stole, possessed characteristics requiring them to be registered under the National Firearms Act. YATES possessed and sold these firearms and did not register any of these items in the National Firearms Registration and Transfer Record.

On February 28, 2019, agents conducted a search of YATES's residence at 496 E. Burke Street, Martinsburg, WV and located over $1,000 in government property that YATES stole from NFAD and converted to his personal use. This property included pistol magazines, AR and AK style upper receivers, a Glock sub-compact pistol frame and barrel, multiple rifle scopes and sights, two black Glock pistol boxes containing ATF serial numbers and ammunition. On March 1, 2019, agents conducted a search of 301 Clay Rock Drive, Martinsburg, WV, the home of YATES's son-in-law Patrick Nolan.

_____           4-19-19
Christopher Yates                    Date

_____           4-19-19
Kevin Mills, Esquire                 Date

- 4 -

YATES admitted that he had moved stolen property to Nolan's house. Agents recovered additional firearms and ammunition that had been stolen by YATES at 301 Clay Rock Drive.

On March 1, 2019, Agents arrested Christopher Yates at 5550 Winchester Avenue, Martinsburg, WV. At that time, Agents seized Yates 2017 Toyota Tacoma. While the car was in the possession of the government, YATES consented to a search of the vehicle and advised Agents there would be firearms in the vehicle. Based on the need to inventory its contents and YATES's consent, Agents searched the 2017 Toyota Tacoma and recovered five firearms. Two of the firearms were stolen by YATES from NFAD: an FN, Model P90, 5.7x28 caliber machine gun, serial number FN020125 and a FNH, Model Five-Seven, 5.7x29 caliber pistol, and serial number 386214569. YATES was in possession of the items on February 28, 2019.

The FN, Model P90, 5.7x28 caliber machine gun, serial number FN020125, is a weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically without manual reloading, by a single function of the trigger. The characteristics of the weapon require it to be registered pursuant to the National Firearm Act. YATES possessed this stolen machine gun without registering it in the National Firearms Registration and Transfer Record. YATES used his 2017 Toyota Tacoma to transport this item.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

11.  Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

    A.  Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    B.  The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of

_____      4-19-19
Christopher Yates                    Date

_____      4-19-19
Kevin Mills, Esquire                 Date

any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

13. The Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method

_____        _____
Christopher Yates                                            Date: 4-19-19

_____        _____
Kevin Mills, Esquire                                         Date: 4-19-19

available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

14. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

15. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

16. Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation.

Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement Defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further

| _[signature]_ | 4-19-19 |
|---|---|
| Christopher Yates | Date |
| _[signature]_ | 4-19-19 |
| Kevin Mills, Esquire | Date |

waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17.     The above sixteen (16) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter.  **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

> Very truly yours,
>
> WILLIAM J. POWELL
> United States Attorney
>
> By: *[signature]*
> Jeffrey A. Finucane
> Assistant United States Attorney

As evidenced by my signature at the bottom of the 8 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____          4-19-19
Christopher Yates                                                Date

_____          4-19-19
Kevin Mills, Esquire                                           Date

- 8 -